IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LUCAS AUSTIN,
    **Plaintiff,**

  v.        : **CIVIL NO. 25-1743**

SEGWAY, INC.,
    **Defendant.**

Scott, J.              **March 26, 2026**

## MEMORANDUM

Defendant Segway Inc. ("Segway") filed a Motion to Compel Arbitration (ECF No. 17), in which Segway argues that this Action should be stayed pending arbitration because a provision of the agreement between Plaintiff Lucas Austin ("Austin") and Segway require that Austin's claims be arbitrated.

For the reasons given below, the Court agrees that an enforceable and binding arbitration agreement covers the claims of this Action. Accordingly, the Court grants Defendant's Motion.

### I. Factual Background

Plaintiff Austin purchased a new Segway Ninebot Max G30P Kick Scooter ("Scooter" or "scooter"), and Plaintiff became aware that the scooter's handlebars could collapse during use. Compl., ECF No. 1, ¶ 21–22. The handlebar issue was not unique to Mr. Austin's scooter; rather, on March 20, 2025, Segway issued a recall via the Consumer Product Safety Commission that covered approximately 200,000 defective scooters. *Id.* ¶¶ 5, 19–22. Although Austin himself does not allege to have been injured while using the Scooter, Austin claims that he "bargained for a

i

Product that was safe to use," and that Segway deprived Austin of "the basis of their bargain . . . [by selling] a product whose handlebars/stem could collapse during ordinary use." *Id.* ¶ 23.

Plaintiff has now initiated the current Action, on behalf of himself and a class of others similarly situated, bringing eleven causes of action against Segway, including, as relevant for this Memorandum, claims for unjust enrichment, breach of express warranty, and breach of implied warranty. *Id.*

Segway has responded by filing a motion to compel arbitration and to stay the proceedings pending arbitration. ECF No. 17. Austin has filed a brief in opposition. ECF No. 21. Segway has filed a reply. ECF No. 23.

## II.    Legal Standard

Motions to compel arbitration are reviewed under either the Rule 12(b)(6) motion to dismiss standard or the Rule 56 summary judgment standard. *Guidotti v. Legal Helpers Debt Resolution, LLC*, 716 F.3d 764, 774 (3d Cir. 2013). "[W]hen it is apparent, based on the face of a complaint, and documents relied upon in the complaint, that certain of a party's claims are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a Rule 12(b)(6) standard." *Id.* at 776; *see also Silfee v. Automatic Data Processing, Inc.*, 696 F. App'x 576, 578–79 (3d Cir. 2017).

Throughout his Complaint, Austin repeatedly refers to a contract with Segway formed at the time the scooter was purchased. *See, e.g.*, Compl. ¶ 56 ("Plaintiff and each Member of the Class formed a contract with Defendant at the time they purchased the Products"); ¶ 57 ("The terms of the contract included express warranties created by Defendant through affirmative representations, advertising, packaging, labeling, and marketing of the defective Scooters"); ¶ 88 ("Defendant had a duty to disclose material facts to Plaintiff and Class Members given their

relationship as contracting parties . . .").[1] The affirmative defense of arbitrability is apparent from the contract that Austin relies on throughout his Complaint. *See* Limited Warranty Agreement, ECF No. 17-3, § 6 ("Claims and Dispute Resolution," explaining in part that the parties agree that Austin "MAY ARBITRATE ALL CLAIMS AGAINST NINEBOT AND SEGWAY ONLY IN YOUR INDIVIDUAL CAPACITY, AND NOT AS A PLAINTIFF, A CLASS REPRESENTATIVE OR CLASS MEMBER . . ."). Accordingly, the Rule 12(b)(6) standard applies. The Court therefore will construe the well-pled allegations as true and determine whether under any plausible reading of the pleadings, Austin is entitled to the relief sought in the form of not compelling arbitration. *Guidotti*, 716 F.3d at 772.

"A motion to compel arbitration calls for a two-step inquiry into (1) whether a valid agreement to arbitrate exists and (2) whether the particular dispute falls within the scope of that agreement." *Tripp Mfg. Co. v. Niles Audio Corp.*, 401 F.3d 529, 532 (3d Cir. 2005). "When determining both the existence and the scope of an arbitration agreement, there is a presumption in favor of arbitrability." *Id.*; *see also* Federal Arbitration Act, 9 U.S.C. §§ 1–16. But before the Court performs its two-step, the Court must first make a choice-of-law finding that guides its contract analysis. *Aliments Krispy Kernels, Inc. v. Nichols Farms*, 851 F.3d 283, 289 (3d Cir. 2017) ("Because we look to applicable state law to determine whether the parties agreed to arbitrate, we begin with a choice-of-law analysis.").

---

[1] The Court notes that *Bradsher v. Segway, Inc.*, 2025 WL 2024491 (E.D. Pa. July 17, 2025), is similar but nonidentical to this Action. Like *Bradsher*, this Action involves a products liability suit against Segway concerning Ninebot Scooters with handlebars susceptible to collapsing where Defendant Segway has moved to compel arbitration. Unlike *Bradsher*, however, the Plaintiff here makes explicit reference in the Complaint to having formed a contract with Segway, and there is only one contract provided to the Court (not, as in *Bradsher*, multiple ones), the authenticity of which neither Party seriously disputes. Because those were the principal bases on which the *Bradsher* Court opted to consider the motion to compel under the summary judgment standard and none of those bases apply, the Court considers the *Bradsher* opinion instructive but distinguishable.

### III.    Discussion

A.  There Is No Conflict Between Delaware And Pennsylvania Law

Segway asks the Court to apply Delaware law because Segway is "a Delaware entity and Pennsylvania has virtually no relationship to the [P]arties . . . ." ECF No. 17-1 at 9.  Austin makes no explicit choice-of-law analysis, and his citations are widespread, citing cases that involve state law from at least four different states.  *See generally* ECF No. 21; *see also* ECF No. 23 at 5 n.1.

The Court applies Pennsylvania's choice-of-law rules because, as a federal court sitting in diversity, the forum state's choice-of-law rules apply.  *Pac. Emps. Ins. Co. v. Glob. Reinsurance Corp. of Am.*, 693 F.3d 417, 432 (3d Cir. 2012).  "Pennsylvania applies the flexible, 'interests/contacts' methodology to contract choice-of-law questions."  *Id.* (citation modified) (citation omitted).  Although Austin fails to make clear which state law he thinks applies, the Court will presume that Austin chooses Pennsylvania, given that he brought the Action here despite being a resident of Louisiana and because his eleventh cause of action is brought under Pennsylvania's Unfair Trade Practice and Consumer Protection Law.  Compl. ¶¶ 145–59.  Like the *Bradsher* Court determined, this Court agrees that there is no actual conflict between Delaware and Pennsylvania law on the relevant contract issues.  *Bradsher*, 2025 WL 2024491, at *4.  "Because there is no conflict, the Court 'may refer interchangeably to the laws of the states whose laws potentially apply.'"  *Id.* (quoting *Checchia v. SoLo Funds, Inc.*, 771 F. Supp. 3d 594, 606 n.5 (E.D. Pa. 2025)).

B.  There Is An Enforceable Agreement And Arbitration Provision Between Austin And Segway

Austin has alleged that he purchased a new scooter, Compl. ¶ 8, and Segway has elaborated on what is included when one purchases a new Segway scooter in its new papers.  First, the scooter was shipped in a box on which is affixed a prominent notice that reads in relevant part "LIMITED WARRANTY AND ARBITRATION AGREEMENT SHALL APPLY" alongside a URL where

4

each purchaser may review the arbitration agreement. ECF No. 17-1 at 8 (emphasis in original). Once Austin opened the box, he encountered a packet containing, among other things, a Limited Warranty booklet, fasteners, and a tool to finish setting up the scooter. *Id.* at 9. The booklet is around eight-and-half pages, of which three-and-half pages concern the arbitration provision in a section titled "Claims and Dispute Resolution." *See* ECF No. 17-3. The arbitration provision provides:

> SEGWAY AND YOU AGREE THAT ALL CLAIMS OR DISPUTES ARISING IN ANY WAY FROM THIS LIMITED WARRANTY OR THE SALE, CONDITION OR PERFORMANCE OF THE PRODUCT, WHETHER BASED IN CONTRACT, TORT, STATUTORY, FRAUD, MISREPRESENTATION OR ANY OTHER LEGAL THEORY, AND ALL CLAIMS THAT ARE SUBJECT OF A PURPORTED CLASS ACTION LITIGATION THAT YOU ARE NOT A MEMBER OF THE CERTIFIED CLASS, SHALL BE RESOLVED THROUGH ARBITRATION AS PROVIDED FOR HEREIN, OR IN SMALL CLAIMS COURT, AND NOT BY A TRIAL BY JURY.

*Id.* at 6 (emphasis in original). That section of the agreement also includes an opt-out provision, according to which Austin had 30 days after the date of purchase to send an email to optout@segway.com or to call a telephone number to make clear that he does not wish to be bound to the arbitration provision. *Id.* at 7. Segway made clear that "[o]pting out of this dispute resolution procedure will not affect the coverage of the Limited Warranty in any way . . . ." *Id.*

This type of agreement is a "shrinkwrap agreement," according to which the "terms are typically provided inside the packaging, and consumers are deemed to accept those terms by opening or using the products." *James v. Global TelLink Corp.*, 852 F.3d 262, 267 (3d Cir. 2017) (citing *Schnabel v. Trilegiant Corp.*, 697 F.3d 110, 121 & n.10 (2d Cir. 2012)); *see also id.* ("Consumers in the shrinkwrap-[agreement] cases received physical copies of the terms and conditions upon opening the products, and their subsequent use of the products manifested assent to the enclosed terms.").

Under Delaware law and Pennsylvania law, shrinkwrap agreements are enforceable when, at minimum, there is reasonable notice of the contractual terms on the exterior packaging and when purchasers have the opportunity to either opt out of an arbitration clause or otherwise return the product to avoid assenting to the agreement. *See, e.g.*, *Payne v. Samsung Elecs. Am., Inc.*, 2024 Del. Super. LEXIS 114, at *8 (Super. Ct. Feb. 21, 2024) (accepting the "substantial authority . . . that enforceable contracts may be formed in the context of consumer . . . purchases by 'shrinkwrap' agreements, inside the box agreements, and 'clickwrap' agreements."); *Allen-Myland, Inc. v. Garmin Intern., Inc.*, 140 A.3d 677, 687 (Pa. Super Ct. 2016) ("For a . . . 'shrinkwrap' license, the buyer may assent by opening the box or removing the license or refuse by returning the product. The same has been held to be true for consumer goods, where the purchaser cannot read any included warranty documentation until purchasing an item and opening the box."). For reasons explained below, both of those conditions are satisfied here.

Austin argues that the agreement is unenforceable for two reasons. Austin claims that the terms were not "conspicuous and reasonably communicated." ECF No. 21 at 4. But that argument does not pass muster. Austin has alleged that he purchased the Segway scooter new. Compl. ¶ 8. Every new Segway scooter comes in box with a prominent notice affixed on the outside of the box that informs the purchaser that there is a limited warranty and arbitration agreement inside the box. ECF No. 17-1 at 8. There is no plausible reading of the Complaint under the facts alleged that suggests the terms were not conspicuous and reasonably communicated to Austin.

Second, Austin argues that he never agreed to the terms because he was "never asked to review, acknowledge, or sign anything reference arbitration." ECF No. 21 at 6. This argument misunderstands when and how a consumer can assent to contract terms in a shrinkwrap contract. The *Payne* plaintiff made the same argument that Austin makes here, and the *Payne* Court rejected

the argument because that plaintiff, like Austin, was on inquiry notice of the agreement and the arbitration provision. *Payne*, 2024 Del. Super. LEXIS 114, at *13 ("[A]n offeree may be bound by certain terms of a contract, even if he does not have actual notices of those terms if he is on inquiry notice of them and assents to them by conduct that a reasonable person would understand to constitute assent. Offerees are on inquiry notice where the notice of the arbitration provision was reasonably conspicuous and manifestation of assent unambiguous as a matter of law.") (citation modified); *see also Chilutti v. Uber Tech., Inc.*, 300 A.3d 430, 448 (Pa. Super. Ct. 2023) ("[O]ur inquiry notice standard demands conspicuousness tailored to the reasonably prudent . . . user, not to the expert user, [and] the design of the [notice] must put such a user on notice of their existence."), *vacated and remanded on other grounds*, 349 A.3d 826 (Pa. 2026); *Noble v. Samsung Electronics Am., Inc.*, 682 Fed. Appx. 113, 116 (3d Cir. 2017) ("Once there is reasonable notice, a party is bound by those terms, even if he failed to read them . . . Therefore, contractual terms, including an arbitration clause, will only be binding when they are reasonably conspicuous, rather than proffered unfairly, or with a design to conceal or de-emphasize its provisions.") (citation modified).

The conspicuous notice on the scooter box, the clear language in the physical copy of the limited warranty booklet that Austin encountered when opening the box, and the 30-day opt-out period collectively suffice to establish that Austin was on inquiry notice of the terms and that he assented to the terms through using the scooter and through failing to opt-out of the arbitration provision. Under the facts alleged in the Complaint, Austin's argument that he did not read or had not seen the terms is unpersuasive.

C. The Agreement Is Not Unconscionable

Austin also argues that even if the Court finds that the Parties formed a contract, the arbitration clause and the class waiver are unconscionable and unenforceable. Although Austin does not specify what type of unconscionability, his claim that the arbitration clause "was effectively hidden" suggests that he is relying on procedural unconscionability. ECF No. 21 at 9.

"Unconscionability—a concept that is used sparingly—traditionally requires that the party with superior bargaining power used it to take unfair advantage of his weaker counterpart." *Terrell v. Kiromic Biopharma, Inc.*, 297 A.3d 610, 624 (Del. 2023). "In evaluating procedural unconscionability, Courts look at the 'relative bargaining strength of the parties and whether the weaker party could make a meaningful choice' to accept or reject a contract." *U.S. Bank Nat'l Assoc. v. Stevens*, 2025 WL 1139329, at *5 (Del. Super. Ct. April 17, 2025); *accord H&R Block Eastern Tax Services, Inc. v. Zarilla*, 69 A.3d 246, 250 (Pa. Super. Ct. 2013) ("A determination of unconscionability requires a two-fold determination: 1) that the contractual terms are unreasonably favorable to the drafter, and 2) that there is no meaningful choice on the part of the other party regarding the acceptance of the provisions.") (citations and internal quotation marks omitted).

The contract between Segway and Austin is not unconscionable. Fatal to Austin's argument is that he had the chance to opt out of the arbitration provision within thirty days. That is a "meaningful choice" to either accept or reject the provisions. Austin cannot claim unconscionability given that the agreement afforded him a choice to accept or reject the relevant provision. Nor were the arbitration terms "effectively hidden." ECF No. 21 at 9. The relevant section of the contract comprises approximately one-third of the limited warranty, is written in all capital letters, and was noticed in all capital letters on the outside of the scooter box alongside a

8

URL linking to the same contract. That prominence and clarity nullify Austin's unconscionability argument.

Nor is the inclusion of the class waiver unconscionable. The Court agrees with Segway that Austin's argument, namely that "the silent and unilateral imposition of a class waiver cannot be squared with controlling Supreme Court authority," is unavailing. Unlike *Stolt-Nielsen S.A. v. Animal Feeds Int'l Corp.*, 559 U.S. 662, 684 (2010) and *Lamps Plus, Inc. v. Varela*, 587 U.S. 176, 189 (2019), the class waiver here was explicit and clear, not silent nor ambiguous. The Court therefore rejects Austin's argument the class waiver is unenforceable. ECF No. 21 at 10–11.

D. Estoppel Prevents Austin From Avoiding Arbitration

"The purpose of the estoppel doctrine is to prevent a plaintiff from, in effect, trying to have his cake and eat it too; that is, from relying on the contract when it works to his advantage by establishing the claim, and repudiating it when it works to his disadvantage by requiring arbitration." *Aluminum Bahrain B.S.C. v. Dahdaleh*, 17 F. Supp. 3d 461, 470 (W.D. Pa. 2014); *see also Torres v. CleanNet, U.S.A., Inc.*, 90 F. Supp. 3d 369, 380 (E.D. Pa. 2015) (enforcing an arbitration agreement under a theory of equitable estoppel when Plaintiff based several counts on the basis of other provisions of the agreement).

Estoppel applies squarely to this case. On the one hand, Austin seeks to enforce the warranties provided in the agreement between him and Segway and Austin repeatedly cites a binding agreement throughout his Complaint when it is to his benefit. On the other hand, Austin asks this Court not to enforce the arbitration provision, although the Court has already found it is enforceable and not unconscionable. Austin cannot have his cake and eat it too. His allegations and causes of action presume the existence of an agreement with Segway. Given that, he cannot

9

selectively enforce the provisions advantageous to him while ignoring those disadvantageous to him.

E.   Austin's Claims Are Within The Scope Of The Agreement

The Court must next consider "whether the particular dispute falls within the scope of th[e] agreement." *Tripp Mfg. Co*, 401 F.3d at 532.   The agreement requires arbitration of all claims arising from the "sale, condition, or performance of the Product." ECF No. 17-3 at 6.   All of Austin's claims are premised on the malfunctioning of the scooter's handlebars, which obviously relates to the condition and performance of the scooter.   Therefore, Austin's claims all fall within the scope of the agreement.

## IV.   Conclusion

Because there is an enforceable agreement with an arbitration provision between Austin and Segway and because Austin's claims fall within the scope of that agreement, the Court grants Segway's motion to compel arbitration and to stay the proceedings.   An appropriate Order will be issued separately.